NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000206
13-JUN-2019
08:15 AM**

NO. CAAP-19-0000206

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BRADLEY D. PAI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-18-0000976)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Reifurth, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of the electronic pleadings record for the underlying case in circuit court criminal court case number 3CPC-18-0000976, it appears that we lack appellate jurisdiction over this appeal in appellate court case number CAAP-19-0000206 by Defendant-Appellant Bradley Pai (Pai), pro se, from the Honorable Melvin Fujino's March 11, 2019 bench warrant under Hawaii Revised Statutes (HRS) § 641-11 (2016) in the absence of either a judgment of conviction with a sentence or a final order of dismissal without prejudice.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawaiʻi 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The law that allows appeals from circuit court criminal cases is HRS § 641-11, which provides that "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court. The

sentence of the court in a criminal case shall be the judgment." Thus, "[u]nder HRS § 641-11, the sentence of the court in a criminal case is the judgment from which an appeal is authorized[,]" and where "[t]here [is] no conviction and sentence in . . . [a] case, there can be no appeal under HRS § 641-11[.]" State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (internal quotation marks and citations omitted); State v. Johnston, 63 Haw. 9, 11, 619 P.2d 1076, 1077 (1980) (Dismissing an appeal for lack of appellate jurisdiction where a defendant had filed a notice of appeal from an order denying the defendant's motion to dismiss an indictment, even though the circuit court later entered a judgment with a sentence, because "such an order is interlocutory and is not a final order or judgment. It is therefore not one that is appealable under HRS § 641-11."); State v. Ferreira, 54 Haw. 485, 486-87, 510 P.2d 88, 89 (1973) (Dismissing an appeal from a "judgment of conviction [that] does not include any sentence imposed upon the defendant[.]"). In determining whether an order or judgment qualifies for appealability under HRS § 641-11, the Supreme Court of Hawai'i has "focused the inquiry on whether the relevant order terminated the proceedings in the case and left nothing further to be accomplished by the lower court." Nicol, 140 Hawai'i at 492, 403 P.3d at 269. Consequently, in addition to authorizing an appeal from a judgment with a sentence, "HRS § 641-11 authorizes a defendant's appeal in a criminal matter from a circuit court order dismissing the proceedings without prejudice." Id. at 494, 403 P.3d at 271 (footnote omitted).

In the instant case, the circuit court has neither entered judgment on nor dismissed Plaintiff-Appellee State of Hawaii's four charged crimes of

  (1)  harassment in violation of HRS § 711-1106 (2014),

  (2)  disorderly conduct in violation of HRS § 711-1101 (2014),

  (3)  resisting arrest in violation of HRS § 710-1026 (2014), and

2

(4) criminal contempt of court in violation of HRS § 710-1077 (2014 & Supp. 2018).

In the absence of either a judgment of conviction with a sentence or an order dismissing the four charge crimes without prejudice, leaving nothing further to be accomplished, the March 11, 2019 bench warrant is not yet eligible for appellate review. Pai's appeal from the ongoing proceedings is premature, and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED appellate court case number CAAP-19-0000206 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 13, 2019.

Presiding Judge

Associate Judge

Associate Judge

3